1

2                            UNITED STATES DISTRICT COURT
                                    DISTRICT OF NEVADA
3

4    William H. Ball,                              Case No. 2:24-cv-01448-CDS-NJK

5                    Plaintiff                     **District Court's Response to Ninth
                                                    Circuit's Referral Notice**
6        v.

7    NP Red Rock LLC,                              [ECF No. 21]

8                    Defendant

9

10          This case came before the court on pro se plaintiff William Ball's complaint alleging age-

11   related employment discrimination accompanied by an application to proceed *in forma pauperis*

12   (IFP). ECF No. 1. Before Ball's complaint and IFP application were screened by the magistrate

13   judge, and before being served, defendant NP Red Rock LLC filed a motion to dismiss. ECF No.

14   4. The court had not ruled on Red Rock's motion when Ball filed his amended complaint on

15   September 5, 2024. ECF No. 9. Therefore, on September 10, 2024, Magistrate Judge Nancy J.

16   Koppe issued an order denying without prejudice the motion to dismiss because it targeted the

17   original complaint.[1] ECF No. 11. Two days later, on September 12, 2024, Ball filed his opposition

18   to the now-denied motion to dismiss. ECF No. 12. Red Rock subsequently filed a renewed

19   motion to dismiss directed at the amended complaint. ECF No. 14. The following day, the court

20   issued a minute order regarding the requirements of *Klingele v. Eikenberry* and *Rand v. Rowland*,

21   thereby setting the deadline for Ball to oppose the pending motion to dismiss the amended

22   complaint on or before October 16, 2024. ECF No. 15. On October 22, 2024, having found no

23   opposition or requests for additional time filed, I issued an order granting Red Rock's

24

25   ---
     [1] In that order, Judge Koppe also granted Ball's IFP application and screened the amended complaint.
     ECF No. 11. Therein, she found that "[a]lthough these allegations are thin, particularly as to the final
26   element of the prima facie case, they suffice to proceed past the screening stage given Plaintiff's pro se
     status." *Id.* at 3.

1 | unopposed motion to dismiss. ECF No. 16. Ball now appeals my decision. ECF No. 18. The

2 | United States Court of Appeals for the Ninth Circuit has referred this matter to me for the

3 | limited purpose of determining whether *in forma pauperis* status should continue for Ball's appeal

4 | or whether the appeal is frivolous or taken in bad faith. Ref. notice, ECF No. 21; *see also* 18 U.S.C.

5 | §1915(a)(3).

6 | An appeal may not be taken *in forma pauperis* if the trial court certifies that the appeal is

7 | frivolous or taken in bad faith. 28 U.S.C. § 1915(a)(3); *see also Hooker v. Am. Airlines*, 302 F.3d 1091,

8 | 1092 (9th Cir. 2002) (revocation of *in forma pauperis* status is appropriate where the district court

9 | finds the appeal to be frivolous). For purposes of § 1915, an appeal is frivolous if it lacks any

10 | arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325, 327 (1989); *Gardner v. Pogue*, 558

11 | F.2d 548, 550 (9th Cir. 1977) (stating that an indigent appellant is permitted to proceed IFP on

12 | appeal only if the appeal would not be frivolous). The good faith requirement is satisfied if the

13 | appellant seeks review of an issue that is not frivolous. *See Gardner*, 558 F.2d at 550.

14 | Based on his appeal notice, Ball's claims of error are not arguable on the merits. Ball

15 | asserts that (1) he filed a memorandum in opposition to the motion to dismiss; (2) there were

16 | insufficient grounds for dismissal; and (3) dismissal means that, should he file a new case, the

17 | filing date will exceed the statute of limitations. ECF No. 18. As noted above, Ball filed his

18 | opposition to the motion to dismiss two days after Judge Koppe denied it because of Ball's

19 | amended complaint. ECF No. 11. When an amended complaint is filed while a motion to dismiss

20 | is pending, it generally moots the motion to dismiss. *Valadez-Lopez v. Chertoff*, 656 F.3d 851, 857

21 | (9th Cir. 2011) (An "amended complaint supersedes the original, the latter being treated

22 | thereafter as non-existent.") (internal citation omitted); *see also Ramirez v. Cnty. of San Bernardino*,

23 | 806 F.3d 1002, 1008 (9th Cir. 2015) (an amended complaint will also ordinarily moot a pending

24 | motion to dismiss). Although Ball's submissions must be held to less stringent standards, pro se

25 | litigants are not excused from adhering to the rules of procedure. *See Erickson v. Pardus*, 551 U.S.

26 | 89, 94 (2007) (per curiam); *United States v. Merrill*, 746 F.2d 458, 465 (9th Cir. 1984). "Pro se

1 litigants must follow the same rules of procedure that govern other litigants." *King v. Atiyeh*, 814

2 F.2d 565, 567 (9th Cir. 1987), overruled on other grounds by, *Lacey v. Maricopa Cnty.*, 693 F.3d 896

3 (9th Cir. 2012). Ball was given a deadline to file a response to the motion to dismiss and failed to

4 adhere to that deadline (ECF No. 15), nor did he seek additional time to do so. Red Rock's

5 motion was granted under Local Rule 7-2(d) based on Ball's failure to file a response. The claim

6 was thus properly dismissed without prejudice. Moreover, Ball has not sought reconsideration

7 of my decision to dismiss the case pursuant to the Local Rules. Ball's second argument, that

8 there were insufficient grounds for dismissal, also fails to establish error. The decision did not

9 address, nor was it related to, the merits of Ball's age discrimination claim. As noted, the motion

10 to dismiss was granted on procedural grounds after Ball failed to respond.

11    Lastly, it is unclear if Ball's claims are barred by the statute of limitations. Liberally

12 construing the amended complaint, it appears that Ball brings a claim for violation of the Age

13 Discrimination in Employment Act (ADEA). In Nevada, a plaintiff must bring a lawsuit based on

14 the alleged discrimination no more than 180 days after the date of the allegedly discriminatory

15 act. Nev. Rev. Stat. § 613.430(1)(a). Under 29 U.S.C. § 626(e), a civil action may be brought

16 within ninety days after the date of receipt of the right-to-sue letter from the Equal Employment

17 Opportunity Commission (EEOC). The EEOC granted Ball's request to dismiss his charge and

18 issued a right-to-sue letter on July 25, 2024 (ECF No. 9 at 3), and Ball's amended complaint was

19 filed on September 5, 2024, which is within the ninety-day window. In the Ninth Circuit, a

20 failure-to-hire claim accrues when the plaintiff knew they would not be hired or when they

21 should have realized they had not been hired for the position. *Lukovsky v. City & Cnty. of San*

22 *Francisco*, 535 F.3d 1044, 1051 (9th Cir. 2008). However, because Ball's amended complaint fails

23 to allege any specific facts regarding when he became aware or had reason to know that he had

24 not been hired for a position, it is unclear whether Ball's claim is time-barred.[2]

25

26 [2] Because the amended complaint was dismissed without prejudice, Ball is not foreclosed from re-filing his claims and, should there be a statute of limitations issue, he could seek equitable tolling of the statute of limitations. *See, e.g.*, *Porter v. S. Nevada Adult Mental Health Servs.*, 2017 WL 6379525 at *6 (D. Nev. Dec. 13,

1                                        Conclusion

2              For these aforementioned reasons, I find that the appeal is not taken "in good faith" and

3    is therefore frivolous. This order serves as notice that Ball's *in forma pauperis* status should not

4    continue on appeal.

5              Dated:  December 17, 2024

6                                                      _____
                                                       Cristina D. Silva
7                                                      United States District Judge

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25    ─────────────────────
     2017), *aff'd*, 788 F. App'x 525 (9th Cir. 2019) (observing that "where a dismissal without prejudice
26   becomes 'tantamount to a dismissal with prejudice because of the expiration of the statute of limitations,'
     tolling could be warranted," but ultimately declining to equitably toll the statute).